UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MERRIL HOGE,<br><br>    Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY,<br><br>    Defendants. | Case No. 4:25-cv-00277-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Monsanto Company's Renewed Motion to Continue Trial. Dkt. 109. Plaintiff Merril Hoge opposes the Motion. Dkt. 110. Upon review, and for the reasons set forth below, the Court GRANTS the Motion.[1]

## II. BACKGROUND

Hoge sued Monsanto in 2019 alleging Monsanto's weedkiller product, Roundup, caused him to develop non-Hodgkin lymphoma. *See generally* Dkt. 1. The case was then transferred to a multi-district litigation panel. Dkt. 5. After discovery and general motion practice concluded, the case was remanded to the District of Idaho for purposes of trial. Dkt. 23. Trial is currently scheduled to begin on August 17, 2026. Dkt. 39.

On May 5, 2026, Monsanto moved to continue trial in light of a then-pending case before the Supreme Court—*Monsanto Co. v. Durnell.* Dkt. 45. Hoge opposed the Motion.

---

[1] The Court finds the facts and legal arguments are adequately presented and will decide the Motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

MEMORANDUM DECISION AND ORDER – 1

Dkt. 49. Ultimately, the Court denied Monsanto's Motion, reasoning that, although the outcome of *Durnell* was unknown, the parties and the Court could evaluate the impact of the decision before trial and it was important to continue preparing for trial so as to obtain the "just, speedy, and inexpensive determination of this case." Dkt. 52, at 3 (citing Fed. R. Civ. P. 1). Additionally, the Court was concerned its calendar could not accommodate moving this trial for almost an entire year. *Id*. at 5.

On June 25, 2026, the Supreme Court issued its decision. *Monsanto Co. v. Durnell*, 609 U.S. ___, 2026 WL 1825691 (2026). On July 2, 2026, Monsanto requested a status conference with the Court to discuss *Durnell* and its impact on this case. Dkt. 100. Hoge opposed the request. Dkt. 101. The Court granted Monsanto's request (Dkt. 102) and held a status conference on July 8, 2026 (Dkts. 106, 108).

At that conference the parties summarized their interpretations of *Durnell,* how the decision impacts this case, and possible options for moving forward. Monsanto suggested continuing trial so it would have time to file a new motion for summary judgment on all of Hoge's claims based on *Durnell*. Recognizing that *Durnell* likely affected at least one claim, Hoge recognized briefing might be necessary, but argued it could be completed before the current trial setting.

The Court and counsel discussed various options. The Court also informed counsel that its calendar had opened up, and it could re-set this matter for trial in early 2027. At the conclusion of the status conference, the Court did not take any formal action. It noted a desire to research and evaluate the issue further and see what, if anything, the MDL panel planned to do in light of *Durnell*. Dkt. 108, at 22, 27, 29. The Court asked Monsanto to

MEMORANDUM DECISION AND ORDER – 2

formally file a Motion to Continue by Friday, July 10, if it determined to go that route. *Id*. at 30.

Monsanto elected to file a Motion to Continue (Dkt. 109), and Hoge opposed the motion (Dkt. 110), both based on the arguments discussed at the status conference.

### III. LEGAL STANDARD

The decision to grant or deny a request for a trial continuance is within the sound discretion of the trial court. *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). The Court has the power to control its own docket, *see Landis v. North American Co.,* 299 U.S. 248, 254–55 (1936), and strives to conserve judicial resources in pursuit of Federal Rule of Civil Procedure 1's mandate to "secure the just, speedy, and inexpensive determination of every action and proceeding."

### IV. ANALYSIS

The Court expresses its appreciation to counsel for their willingness to engage the Court, provide thoughtful arguments, and offer suggestions for resolution.

The Court has spent a considerable amount of time reviewing *Durnell* and well as the allegations in this case. It has also endeavored to learn how other courts—including the MDL—are approaching these issues.

After a lengthy and detailed review, the Court has determined the best course of action is to continue trial and allow Monsanto to file a Motion for Summary Judgment based on *Durnell*. The Court will be frank: it is not convinced *Durnell* is as far-reaching as Monsanto suggests. However, it can see why Monsanto is making the arguments it is making. The Court looks forward to more fulsome briefing on these issues.

MEMORANDUM DECISION AND ORDER – 3

And while it is theoretically possible to accomplish this task in the next four weeks before trial, the Court has elected not to rush matters for three reasons. First, as the Court already alluded to, it—along with both parties—wants to "get [this] right." Dkt. 108, at 27. As one of the first courts in the county to address this issue, prudence dictates a measured approach. Second, even if the Court ultimately determines the significance of *Durnell* is only marginal, it will still affect some of the claims, pending motions, instructions, and other trial materials already on file. It will likely take some time to harmonize everything to be consistent with the Court's ruling. Third and finally, the Court has been able to secure time not too far in the future to reset trial thus limiting any detrimental impact to Hoge.

The Supreme Court's decision in *Durnell* was always likely to have some impact on this case. But the extent of that impact depended on the Court's conclusion and underlying reasoning. The implications of *Durnell* could not have been fully anticipated or analyzed a few months ago, but they are now coming into view. Because of this intervening change in law, its potential impact on this case, and the availability of reasonable means to ensure *both* sides receive fair and equal access to justice, the Court GRANTS the Motion to Continue.

## V. ORDER

1. Monsanto's Renewed Motion to Continue Trial (Dkt. 109) is GRANTED.

2. The August 17, 2026, trial date is VACATED. A separate trial order will issue in due course. To the extent any current trial submissions/deadlines remain outstanding, they are vacated and will be reset.

MEMORANDUM DECISION AND ORDER – 4

3.  Monsanto will file it's motion for summary judgment on or before July 31, 2026.

The District of Idaho's standard briefing schedule shall follow.

DATED: July 16, 2026

_____
David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER – 5